FILED
SUPERIOR COURT
OF GUAM

2023 APR 20 PM 2: 07

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HYUNG GON KIM and SOL YOUNG EUH,<br><br>Plaintiffs,<br><br>vs.<br><br>ANTONIO A. SABLAN and PAUL SABLAN<br><br>Defendants. | CIVIL CASE NO. CV0188-22<br><br><br>**DECISION AND ORDER GRANTING DEFENDANT ANTONIO SABLAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |

This matter came before the Honorable Dana A. Gutierrez on January 20, 2023 for Defendant Antonio A. Sablan's ("Antonio Sablan") Motion to Set Aside Entry of Default ("Motion to Set Aside"). Present at the hearing were Plaintiffs Hyung Gon Kim and Sol Young Euh's ("Kim & Euh") counsel Attorney Mitchell Thompson and Antonio Sablan with counsel Attorney Charles McDonald. Based upon the arguments presented and for good cause shown, the Court hereby **GRANTS** Antonio Sablan's Motion to Set Aside.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 28, 2022, Kim & Euh filed a Complaint for Trespass and Unjust Enrichment (the "Complaint") against Antonio Sablan and Defendant Paul Sablan ("Paul Sablan"). On April 18, 2022, Kim & Euh filed two Declarations of Service, one detailing service upon Antonio Sablan ("Declaration of Service for Antonio Sablan") and the other detailing service upon Paul

Sablan. In the Declaration of Service for Antonio Sablan, Thomas S. Masga, a licensed process server, stated that he served the Summons and Complaint "upon Frank Anderson, the Authorized Agent for Service of Process of Antonio A. Sablan, at 152 Chalan Kantun Tutujan, Sinajana, Guam, 96910." Decl. of Service for Antonio Sablan (April 18, 2022). On May 26, 2022, Plaintiffs filed a Declaration and Application for Entry of Default Re Antonio Sablan ("Application for Entry Against Antonio Sablan") and a Declaration and Application for Entry of Default Re Paul Sablan. In the Application for Entry of Default Against Antonio Sablan, Attorney Thompson declared "that Defendant Antonio A. Sablan was served on April 18, 2022" but, Antonio Sablan "has failed to answer or otherwise defend." App. for Entry Against Antonio Sablan, at 1 (May 26, 2023). On May 27, 2022, Entry of Default was entered by the Clerk of Court.

On June 21, 2022, the McDonald Law Firm filed an Entry of Appearance on behalf of Antonio Sablan. On July 8, 2022, Antonio Sablan filed a Motion to Set Aside, and a Declaration of Antonio Sablan in support of the Motion. On August 5, 2022, Kim & Euh filed their Opposition to Motion to Set Aside ("Opposition") and a Declaration of Mitchell F. Thompson in support. On August 19, 2022, Antonio Sablan filed a Reply to the Opposition. On November 22, 2022, Kim & Euh filed a Declaration of Terry Hyunggon Kim and a Request for Entry of Judgment. On January 20, 2023, the Court held a hearing on the Motion to Set Aside. After hearing from the parties, the Court took the matter under advisement

## DISCUSSION

The issue before the Court is whether the Entry of Default against Antonio Sablan shall be set aside.

## A.      An Entry of Default May Be Set Aside for Good Cause Shown

The Court has discretion to set aside an entry of default for good cause shown. Guam Rules of Civil Procedure ("GRCP") Rule 55(c) states:

> (c) Setting Aside Default. For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

GRCP Rule 55(c).[1] The Supreme Court of Guam has held that "due to the parallels between entries of default and default judgments," the Court will consider the same factors in determining whether to set aside an entry of default or default judgment. *Adams v. Duenas*, 1998 Guam 15 ¶ 5. However, the Supreme Court notes that "the standard is less rigorous when examining a motion to set aside entry of default than for default judgments, so these grounds are more liberally construed." *Id.* (citing *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

In determining whether to vacate an entry of default, the Court must consider whether "(1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Midsea Industrial, Inc. v. HK Engineering, Ltd.*, 1998 Guam 14, ¶ 5. A finding of any of these factors supports rejection of setting aside a default. *See Adams*, 1998 Guam 15 ¶ 5; *see also United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("[A]

---

[1] "[B]ecause the Guam Rules of Civil Procedure are generally derived from, although not identical to, the Federal Rules of Civil Procedure ("FRCP"), federal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority." *Gov't of Guam v. O'Keefe on behalf of Heirs of Torres Est.*, 2018 Guam 4 ¶ 9 (citing *People v. Quitugua*, 2009 Guam 10 ¶ 10). Guam's Rule 55 was adopted from Rule 55 of the Federal Rules of Civil Procedure. *See* GRCP Rule 55.

finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default.").

### 1. Antonio Sablan Claims His Conduct Does Not Make Him Culpable for the Entry of Default Against Him

Antonio Sablan asserts that he did not engage in culpable conduct that led to an entry of default and "was not aware of the Documents being served." Mot. to Set Aside, at 3. Instead, Antonio Sablan alleges that the service of the Summons and Complaint was upon Frank Anderson, who is "an air conditioner repairman" that "does not reside" at Antonio Sablan's residence. *Id.* at 2; Decl. of Antonio Sablan (July 8, 2022). Antonio Sablan further claims that Frank Anderson "received the Documents without my knowledge and did not give me of [*sic*] the Documents." Decl. of Antonio Sablan (July 8, 2022); Motion to Set Aside, at 2.

In the Opposition, Kim & Euh state that "it is striking that Defendant fails to offer any explanation why he ignored the Complaint following service . . . ." Opp'n, at 4 (Aug. 5, 2022). Kim & Euh claim that "Defendant failed to file any affidavit or declaration proffering any good faith credible excuse for not responding to the Complaint in a timely manner." *Id.* Due to this alleged failure, Kim & Euh argue that the Court should "take Defendant's omission as a concession that culpable conduct was present." *Id.* Further, "Kim and Euh suggest that defendant Antonio's behavior is consistent with an improper attempt to retain possession of the soil and material from Kim and Euh's real property" and "Defendant's bad faith in this regard constitutes culpable conduct." *Id.* at 5.

In the Reply, Antonio Sablan claims that Kim & Euh's argument regarding the failure to file any affidavit or declaration to be "misleading." Reply, at 2. Antonio Sablan claims that it "clearly states in his Declaration that he was not personally served with the Summons and

4

Complaint." *Id.* at 2. Antonio Sablan argues that Kim & Euh's "failure to serve Antonio in conformance with the [GRCP] facilitated the entry of default." *Id.* Thus, Antonio Sablan argues that "it was Plainiffs' conduct that led to the entry of default" and that good cause exists to set aside entry of default. *Id.*

At the hearing, Kim & Euh's counsel admitted that "[p]erhaps we were not clear in our opposition" and clarified that "[o]ur concern with the declaration of Mr. Sablan goes to the second prong of the three part test . . . the lack of a meritorious defense." Min Entry, 10:09:50-10:10:03 AM (Jan. 20, 2023). When asked directly by the Court about whether anything else could be regarded as culpable behavior, Kim & Euh's counsel noted that it "took quite an effort to effect service" upon Antonio Sablan. *Id.* at 10:11:30 AM. In response, Antonio Sablan's counsel argued that the alleged personal service was not proper and that they left it with a person who "did not give [the documents] to [Antonio Sablan]" *Id.* at 10:12:30-10:12:44 AM. Antonio Sablan's counsel claimed that "the biggest reason for the entry of default was the improper service" by Kim & Euh. *Id.* at 10:12:50-10:12:55 AM.

a.     **Antonio Sablan's Conduct Was Not Culpable for the Entry of Default**

With regard to culpable conduct, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001)) "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of

5

the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.*

In this case, Kim & Euh have failed to demonstrate that Antonio Sablan was personally served the documents. Although Kim & Euh filed a Declaration of Service for Antonio Sablan, it states the person served was Frank Anderson, the "Authorized Agent for Service of Process of Antonio A. Sablan." *See* Decl. of Service for Antonio Sablan (April 18, 2022). However, Antonio Sablan refutes this Declaration and claims that Frank Anderson was an air conditioner repairman who was not authorized to receive the documents for him and "did not give" the Summons or Complaint to him. *Id.*

Despite having multiple opportunities to respond to Antonio Sablan's claim that it was improper service, Kim & Euh did not clarify how service on Frank Anderson, an alleged air conditioner repairman, properly effectuated personal service upon Antonio Sablan. *See* Decl. of Antonio Sablan (July 8, 2022); Reply, at 2; Decl. of Service for Antonio Sablan (April 18, 2022). In their Opposition, Kim & Euh state that Antonio Sablan never filed a declaration or affidavit refuting this service but when asked to clarify this position at the hearing, Kim & Euh's counsel did not give a clear response but admitted that their concern was not towards the lack of a declaration, but rather lack of a meritorious defense in Antonio Sablan's filings. Min Entry (Jan. 20, 2023); *see* Opp'n 3-5; Decl. of Antonio Sablan (July 8, 2022).

Based upon the evidence provided, the Court is not persuaded that Kim & Euh effectuated proper service upon Antonio Sablan or thatAntonio Sablan had actual or constructive notice. *See Pineda v. Pineda*, 2005 Guam 10 ¶ 10 ("It is well settled that when a default judgment is entered without proper service, such default is void."). Thus, while the Court

6

recognizes that Antonio Sablan did not timely answer the Complaint, the Court does not find that it was due to his culpable conduct.

### 2. Antonio Sablan Claims To Have Meritorious Defenses

Antonio Sablan claims that he has a meritorious defense against the trespass claim and unjust enrichment claim. In order to establish a meritorious defense, the Court "must determine 'whether there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Midsea*, 1998 Guam 14 ¶ 10 (citing *Hawaii Carpenters' Trust Funds*, 794 F.2d at 513) (emphasis added). The burden on the defendant "is not extraordinarily heavy; the only requirement is that a sufficient defense is assertible and litigation of the claims would not be a wholly empty exercise." *Pac. Renewable Energy*, 2013 WL 1352063 *6 (citing *TCI Group*, 244 F.3d at 701) (internal quotations omitted). All that is necessary is for the moving party to "allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094; *see also Upper Deck Co. v. Flores*, 569 F. Supp. 3d 1050, 1059 (S.D. Cal. 2021) ("Defendants have a 'minimal' burden in establishing a meritorious defense."). The Court need not consider the truth of those factual allegations and assumes their truth at this stage. *Upper Deck Co.*, 569 F. Supp. 3d at 1059; *see Schwab v. Bullocks, Inc.*, 508 F.2d 353, 374 (9th Cir. 1974) (noting that "[a]llegations are meritorious if they contain even a hint of a suggestion, which, if proven at trial, would constitute a defense.").

With regard to his meritorious defenses, Antonio Sablan claims that he "is prepared to provide evidence to the Court that Antonio did not trespass onto the property and that if a trespass did occur, it was Paul Sablan that committed the trespass." Mot. to Set Aside, at 4.

7

Antonio Sablan also argues that "it is also unclear how Antonio was enriched and Antonio will put on evidence concerning the value of the property." *Id.*

In their Opposition, Kim & Euh argue that "Antonio fails to cite to any specific facts in his declaration to support any purported defenses" and "merely offers up conclusory claims . . . ." Opp'n at 6. Further, Kim & Euh allege that Antonio Sablan's "suggestion that he did not personally enter onto Kim and Euh's real property is no defense to a trespass claim" and Antonio Sablan's claim that it is unclear how the soil was placed on his property "is inadequate to form a meritorious defense" to the unjust enrichment claim. *Id.* at 5-7.

In his Reply, Antonio Sablan contended that "[e]valuating the likelihood of the success of the defense is not the standard" to set aside an entry of default. Reply, at 2. Instead, Antonio reasserts his points that he did not trespass and that "he did not receive a benefit at the expense of Plaintiffs," which is a "necessary" element to an unjust enrichment claim. *Id.* At the hearing, Antonio Sablan's counsel further elaborated on the defense to the unjust enrichment claim and asserted that "maybe there was not a benefit conferred onto my client." Min Entry, 10:14:50 AM (Jan. 20, 2023). Counsel further stated that Antonio Sablan planned to complete an "evaluation" regarding the soil on his property to refute this unjust enrichment claim. *Id.* at 10:14:54 AM.

a. **Antonio Sablan Provides a Meritorious Defense Against the Trespass Claim**

In Guam, "[a] party claiming trespass must prove the following elements: a) the tortfeasor intentionally; b) enters land in possession of another, or causes a thing or a third person to do so; or c) remains on the land; or d) fails to remove from the land a thing which he is under a duty to remove." *Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 16 (citing Restatement (Second) Torts § 158 (1988)).

8

In this case, Antonio Sablan is attempting to prove a negative—that he was not involved in the trespassing and if anyone was, it was Paul Sablan. While Kim & Euh argue that Antonio Sablan's claims are not "necessarily" a defense to trespassing, Antonio Sablan has provided sufficient facts, assuming his claims are true, that he was not involved in the alleged trespassing. *See* Mot. to Set Aside, at 4; *Upper Deck Co.*, 569 F. Supp. 3d at 1059. Based upon these claims that he did not trespass and that if there was a trespasser, it was Paul Sablan, there is a possibility that the outcome of the matter would be different if it was brought to trial. *See Midsea*, 1998 Guam 14 ¶ 10. Thus, the Court finds that Antonio Sablan has provided enough information to meet the minimal burden of presenting a meritorious defense to the trespass claim.

### b. Antonio Sablan Provides a Meritorious Defense for the Unjust Enrichment Claim

In Guam, "in determining whether a person has been unjustly enriched, one examines whether there was: (1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." *In re Moylan*, 2011 Guam 16 ¶ 69 (citing *Rawlings v. Rawlings*, 240 P.3d 754, 763 (Utah 2010)).

Antonio Sablan claims that it is unclear how he was enriched and that it is possible that Paul Sablan put the soil on his property. Mot. to Set Aside, at 4. He further argues that he did not receive a benefit from the soil being put on his property. *Id.*; *see* Min Entry, at 10:14:50-10:14:54 AM (Jan. 20, 2023). Although Antonio Sablan's claim of not intentionally receiving the soil is not a meritorious defense to unjust enrichment, Antonio Sablan's claim that the soil might not be an actual benefit received is a possible meritorious defense. Assuming it is true, the claim that

the soil is not a benefit could be a meritorious defense. Antonio Sablan further claims that he is seeking an evaluation to determine the value of the soil on his property to prove this claim. These claims raise the possibility that no benefit was conferred on Antonio Sablan by another, which lends itself to affecting the determination of whether a benefit was conferred and therefore, whether Antonio Sablan was unjustly enriched.

Therefore, without making a final determination on this issue or analyzing the other elements of the cause of action, the Court finds that Antonio Sablan has presented sufficient facts for a meritorious defense against unjust enrichment if the Court sets aside the entry of default.

### 3.      Kim & Euh Will Not Be Prejudiced By Setting Aside the Entry of Default

To determine whether setting aside a default is prejudicial to the plaintiff, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984) (per curiam). A plaintiff cannot simply "say that lapse of time resulted in prejudice, but instead there must be the presentation of evidence to support those allegations." *Midsea,* 1998 Guam 14 ¶ 16. Similarly, the Defendant may not just "sit back and claim that the delay in time was inconsequential and presume no prejudice resulted." *Id.* For a delay to be prejudicial, the delay must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion . . . . Being forced to litigate on the merits cannot be considered prejudicial because the plaintiff would have had to litigate the merits of the case had there been no default." *Pac. Renewable Energy,* 2013 WL 1352063 *6 (D. Guam 2013) (citing *TCI Group,* 244 F.3d at 701) (internal citation omitted); *see also Capital Yacht Club v. Vessel AVIVA,* 228 F.R.D. 389, 394 (D. D.C. 2005) ("[D]elay and legal

costs are part and parcel of litigation and typically do not constitute prejudice for the purposes of Rule 55(c).").

Antonio Sablan claims that Kim & Euh will not be prejudiced if the entry of default is set aside because "[a]ll relevant evidence and witness that were present and available at the time default was entered in this matter remain present and are still attainable without any undue burden." Mot. to Set Aside, at 4. In the Opposition, Kim & Euh claim that "Antonio's antics . . . have prejudiced Kim and Euh in that Antonio continues to remain in possession of the soil and materials from their real property in question." Opp'n at 7. In the Reply, Antonio Sablan reiterated the claim that Kim & Euh "have not alleged any loss of evidence . . . have not alleged any increase of difficulties of discovery, nor have Plaintiffs alleged the reasonable possibility that fraud or collision may occur should the Motion be granted." Reply, at 3.

At the hearing, Kim & Euh's counsel emphasized that prejudice is "ongoing" due to the soil removal and placement on Antonio Sablan's property, which has continually prevented the Plaintiffs from using it and left them unable to restore their lot to its former condition. Min Entry, 10:19:20 AM (Jan. 20, 2023). In response to this claim, Antonio Sablan's counsel argued that this inconvenience does not make setting aside the entry of default prejudicial because "all evidence is there" and "quite frankly, the delay in time is not enough prejudice to uphold the entry of default." *Id.* at 10:19:45-20:00 AM.

The Court is not persuaded by Kim & Euh's claim of prejudice. Kim & Euh have not presented any evidence—aside from the expense of the soil being removed from their property and Kim & Euh's inability to restore their lot to its former condition— that their case would be hindered due to this delay in the proceedings. The Court does not find that the delay in the

11

proceedings or the soil remaining on Antonio Sablan's property to be sufficient evidence

necessary to prevent setting aside the entry of default due to prejudice.

### 4.     The Court Will Not Grant Plaintiffs' Request for Legal Fees

Kim & Euh claim that "Antonio's antics" have caused prejudice and harm in this matter.

Opp'n at 7. Due to this prejudice, Kim & Euh claim that "if Court is inclined to grant the Motion,

it should condition such grant on the payment by Defendant of Kim and Euh's legal fees within

twenty-one (21) days . . . ." Opp'n at 8. Kim & Euh allege that "federal courts have routinely

ordered that the defendant pay plaintiff's legal fees incurred in opposing a motion to set aside

entry of default as a condition of granting such motion." *Id.* at 7-8.

To support this claim for attorney's fees, Kim & Euh first cite to *Nilsson, Robbins,*

*Dalszam, Berliner Carson & Wurst v. Louisiana Hydroiec.*, 854 F.2d 1538, 1546-47 (9th Cir.

1988). Kim & Euh claim in this case that "the court held that the trial court properly conditioned

the grant of a motion to set aside a default upon defendant paying plaintiff's legal fees incurred

as a result of that motion." Opp'n at 8.

However, this case is distinguishable from the present matter. First, in *Nilsson*, the matter

involved setting aside an entry of default *judgment,* not an entry of default like in the present

matter. *Nilsson,* 854 F.2d. at 1541. Furthermore, in *Nilsson*, the Court denied the defendant's first

motion to vacate the default due to the defendants' "failure to comply with local rules requiring

sworn evidence of a meritorious defense." *Id.* On their "resubmission of the motion," the Court

then granted the motion to vacate the default judgment with conditions to pay attorney's fees and

costs and for defendants to fully obey discovery requests and federal and local rules. *Id.* Thus,

unlike *Nilsson*, in this matter, the Defendant has only filed one motion to vacate an entry of

default, and has not shown the same disregard to the local rules or having to resubmit the Motion.

The other cases cited by Kim & Euh are also distinguishable from the present matter. *Gustafson v. Bowman,* 2018 WL 2422311 (D. Alaska May 28, 2018) (granting attorney's fees to plaintiff after court found that "the parties are equally responsible for the circumstances which led to the motion to set aside the default"); *Villagordoa Bernal v. Rodriguez,* 2016 WL 4267942 at *4 (C.D. Cal. 2016) (finding that the motion to vacate the entry of default should be granted but attorney's fees should be awarded to the plaintiff "due to defendants' culpable conduct in repeatedly failing timely to file their respective Answers in this action"); *USAA Life Ins. Co. v. Poolat, et al,* 2008 WL 11340057 at *3 (C.D. Cal. Apr. 22, 2008) (awarding attorney's fees to cross-complainant Poolat to "rectify 'any prejudice suffered by [Poolat] as a result of the default and the subsequent reopening of the litigation" after the cross-defendant West refused to accept Poolat's stipulated offer to vacate the entry of default); *Stelax Indus., Ltd. v. Donahue,* 2004 WL 733844 at *10 (N.D. Tex. 2004) (awarding attorney's fees after defendant moved the case to federal court with consent of co-defendants and then failed to respond, resulting in entry of default); *Corso v. First Frontier Holdings, Inc.,* 205 F.R.D. 420, 421 (S.D.N.Y. 2001) (granting attorney's fees to plaintiff after granting motion to vacate entries of defaults because "defaults were, nevertheless, due to [defendants'] inattentiveness to the present action.").

Based upon the cases and arguments presented so far, the Court does not find that the present situation merits granting attorney's fees to the Plaintiffs, and therefore, the Court denies the Plaintiffs request.

5.    **Kim & Euh's Request for Entry of Judgment Is Moot**

Kim & Euh also filed a Request for Entry of Judgment (the "Request") on November 22, 2022, seeking "Judgment be entered in favor of them . . . ." Request for Entry of Judgement, at 1 (Nov. 22, 2022). Kim & Euh state that this request is "based on the default of the Defendants having been previously entered and upon the accompanying declaration of Terry Hyunggon Kim." *Id.*

As stated above, the Court finds that the grounds have been met to grant Antonio Sablan's Motion to Set Aside Entry of Default. Therefore, the Entry of Default that Kim & Euh refer to in their Request shall be vacated, and thus, the Court finds that the Request is now moot.

### CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant Antonio Sablan's Motion to Set Aside. The Court's May 27, 2022 Entry of Default is hereby **VACATED**. Kim & Euh's Request for Entry of Judgment is **MOOT**. Antonio Sablan must file an Answer to the Complaint within fifteen (15) days from the filing of this Decision and Order.

**SO ORDERED,** _____APR 2 0 2023_____

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL.
I acknowledge that an electronic copy of the original was e-mailed to:
*M. Thompson*
*morales*
Date:_____Time:__4/20/23__
__Joseph Bamba, Jr.__
Deputy Clerk, Superior Court of Guam

14